## RICHARDSON v. RILEY.

TWO ACTIONS—REAL PROPERTY.—The two years within which a second action for the possession of real property may be brought commences to run from the date of granting nonsuit in the first action, and not on date of discontinuance of appeal and order dismissing same.

Before BUCHANAN, J., Barnwell, December, 1902. Reversed.

Action by L. G. Richardson *et al.* against L. S. Riley, *et al.* From judgment for plaintiff, defendants appeal.

*Messrs. Robert Aldrich* and *B. T. Rice,* for appellants, cite: *On question decided:* Code Proc., sec. 98, sub. 2; 23 N. Y., 347; Strob. L., 145; Bail L., 480.

*Messrs. Bellinger & Townsend* and *Davis & Best,* contra. The former cite: *On point decided:* Code Proc., sec. 356; 56 S. C., 55; 57 S. C., 441; 26 S. C., 597; 1 Ency. P. & P., 597; 71 Cal., 452; 52 How. Pr., 226; 44 S. W., 741; 79 Mich., 174; Code Proc., 126, 165.

July 7, 1903. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. This is the second action to recover real estate. The first action came on for trial before his Honor, Judge Watts, and such proceedings were had therein, that on the 24th day of March, 1898, an order for nonsuit was made. Thereupon, and within ten days, an ap-

peal was taken to this Court; there the appeal remained until
January, 1901, at which time the appeal was abandoned and
an order dismissing the appeal was passed.   The remittitur
from this Court reached the Court below in January, 1901.
Costs were taxed and paid in June, 1901, and this second
action was brought 20th June, 1901.   When the defendants
made answer to the plaintiff's complaint, they formally
pleaded the nonsuit on the 24th March, 1898, as a bar to the
plaintiff's second action, because two years and more had
elapsed since the first nonsuit and the bringing of the second
action.   The Circuit Judge who presided at the trial of the
second action refused the motion of the defendant for a non-
suit on this ground.   Testimony was heard on both sides,
and, after his Honor's charge, the jury rendered a verdict
for the plaintiffs, so that now the defendants have appealed
from the refusal of this motion for nonsuit as well as upon
alleged errors in his charge to the jury.

We have considered these matters, and in our judgment
it will only be necessary to consider the question of nonsuit.
We have a statutory provision governing this matter.   It
is set out in paragraph 2, subdivision 2, of section 98, of the
Civil Code of South Carolina, and its text is as follows:
"The plaintiff in all actions for the recovery of real property,
or the recovery of the possession thereof, is hereby limited to
two actions for the same and no more: *Provided,* That the
costs of the first action be first paid and the second action
be brought within two years from the rendition of the verdict
or judgment in the first action, or from the granting of a
nonsuit or discontinuance thereof."   This is an old statutory
provision of this State.   It is true, it was slightly altered at
one time by striking out "two years" and substituting "one
year," but in a few years it was restored to two years.   The
period at which the statute starts to run from the date of the
order for a nonsuit when an appeal is taken, which appeal
is allowed to fail or be dismissed, has been fixed by a decision
of our own Court, namely, in *Trimier* v. *Trail,* 2 Bailey Law,
p. 480.   It is held in the syllabus of that case: "When an

appeal from an order of nonsuit has been dismissed or abandoned, the order of nonsuit and not the dismissal of the appeal is to be regarded as the legal termination. of the suit, and the pendency of the appeal cannot be pleaded in abatement to a new action for the same cause brought in the interval between the order of nonsuit and the dismissal of the appeal." The text of the decision fully sustains the syllabus as quoted.

It is not surprising that another State, with a different statute, should hold differently; still, we may be excused if after seventy-two years of practice under our own decision, we still adhere to the rule as laid down by that eminent jurist, John Belton O'Neall, that the time must be counted from the date of the nonsuit to the date of the second suit.

It is useless to go further in this case, so far as the grounds of appeal are concerned. If the second action was barred, as we have just held, under our statute, no proceedings in that action were of any avail. The Circuit Judge was in error, and his judgment must be reversed.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed and the action be remanded to the Circuit Court, with directions that that Court enter judgment dismissing the complaint herein.