7362

### LOVE v. TURNER.

Two Actions—Limitation of Actions.—The time at which the two-year limitation set out in subdivision 2, of Section 98, of Code of Proc., within which a second action for possession of real property may be brought, begins to run is the date of the verdict, and not the filing of the remittitur of the Supreme Court on adjudication of appeal in first action.

Before Klugh, J., Cherokee, November, 1908. Affirmed.

Action by W. P. Love against M. J. Turner. From order dismissing complaint, plaintiff appeals.

*Messrs. J. C. Jeffries* and *Wilson & Osborne,* for appellant, cite: *Defendant is estopped in saying there was no judgment appealed from:* 59 S. C., 557; 42 S. C., 183; 14 S. C., 572.

*Mr. W. S. Hall, Jr.,* contra, cites: *Time runs from date of verdict:* 67 S. C., 53. *Does pendency of appeal operate as bar?* 1 Cyc., 30. *Verdict does not mean judgment:* 11 Rich., 24; 5 Strob., 141.

November 5, 1909. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This is the second action for the recovery of the same real property by the same plaintiff against the same defendant, brought under the provisions of subdivision 2, section 98 of the Code, which is as follows: "The plaintiff in all actions for the recovery of real property, or the recovery of the possession thereof, is hereby limited to two actions for the same, and no more: *Provided,* That the costs of the first action be first paid, and the second action be brought within two years from the rendition of the verdict or judgment in the first action, or from the granting of a nonsuit or discontinuance therein."

The first action was tried in March, 1906, and resulted in a verdict for the defendant. No formal judgment was entered upon the verdict, but the plaintiff, nevertheless, appealed to the Supreme Court, and the agreed "case" prepared for the hearing of the appeal in this Court, which, by agreement of counsel, may be referred to by the Court in the consideration of this appeal, stated: "The jury found for the defendant, and judgment was entered accordingly." This Court "affirmed the judgment" of the Circuit Court. 78 S. C., 521, 59 S. E., 529. The remittitur was filed in the Circuit Court in November, 1907. This action was commenced November 4, 1908, more than two years after the date of the verdict in the first action.

On motion of defendant's attorney the Circuit Court dismissed the complaint, on the ground that the action was not brought within two years after the rendition of the verdict in the first action.

The appeal involves the construction of the section of the Code above quoted. In the first place the parties to this appeal are estopped, by the record in the first appeal, from denying that a judgment was entered upon the first verdict. But we do not think it makes any difference whether a judgment was entered on the verdict or not, because the language of the Code, which fixes the several periods of time from which the two years, within which the second action may be commenced, begins to run, is disjunctive—the word "or" being used shows an intent that the existence of either should exclude the other. The two years begin to run either from a verdict, *or* a judgment, *or* a nonsuit, *or* a discontinuance. It sometimes happens, in actions for the recovery of real estate, that a verdict is found in favor of a party upon which no judgment could be entered, as in the case of *Dyson* v. *Leek*, 5 Strobh., 141, where the verdict for the plaintiff was for a part of the land in dispute. In that case the Court said: "No judgment could have been entered by the defendant against the plaintiff on the verdict in the first suit. In no case where the verdict finds for the plaintiff a part of his demand can judgment be entered for the defendant against the plaintiff for the remainder. In this respect it makes no difference whether the plaintiff sues for one thousand dollars or one thousand acres of land. A general verdict for the plaintiff is conclusive evidence against the defendant of everything which is put in issue by the pleadings and evidence; and *e converso*. In like manner, if the verdict finds for the plaintiff a part of his claim, the defendant is concluded to that extent; and the plaintiff is concluded as to the remainder; and the judgment for the plaintiff for the part recovered is a judgment for the defendant; in other words, a judgment against the plaintiff

for the part not recovered; so that to a second suit, founded on the same cause of action, the defendant may plead the former recovery in bar."

The main contention of appellant's attorneys, however, is that an appeal suspends the running of the statute; and that the time begins to run from the rendition of the final judgment, which is the judgment of the Supreme Court, where an appeal has been taken. The use of the words "verdict," "nonsuit" and "discontinuance" forbid such construction. They are applicable to the termination of actions only in the Circuit Court. The point was decided against appellant in the case of *Richardson* v. *Riley*, 67 S. C., 53, 45 S. E., 104.

Judgment affirmed.